*363 OPINION OF THE COURT
Jack Turret, J.
This motion to dismiss the petition or in the alternative that the court accept an admission to a charge or charges contained in the petition and place the child on probation is denied. The application was made before me at an Intake Part on supporting papers and marked submitted.
The respondent, now 16 years, 2 months old, made admissions to burglary in November, 1978 before a Kings County Family Court Judge. The disposition on those petitions and on another alleging assault in the second degree, was two years on probation, upon special conditions.
This petition alleging attempted petit larceny, possession of burglar’s tools, and possession of a weapon was filed on September 22, 1978, and was pending when the other two admissions were made in November. That court was aware of the instant petition, and of the Probation Court Liaison Officer’s opposition to the disposition when it made its decision in November.
Law Guardian argues that since respondent is on probation, doing well (i.e., has not had any police contact since the September petition) and since Family Court does not punish or vindicate private wrongs, but supervises, treats, or confines, if necessary, there is no necessity for further probation or further disposition. It is argued that the instant petition be dismissed, or, in the alternative, an admission accepted, with a probation disposition, to run concurrently with the probation already ordered. The Corporation Counsel is opposed.
The respondent-movant relies on two cases: Matter of Edwin R. (67 Misc 2d 452) and Matter of Charles C. (83 Misc 2d 388) wherein the court granted motions to dismiss without the consent of the petitioner or complainant, who were represented by the Corporation Counsel. These cases were grounded on the proposition that there must be a need for court intervention to supervise, treat, or confine a child. Since these cases were decided, section 711 of the Family Court Act, one of the sections upon which movant proceeds has been amended. Chapter 878 of the Laws of 1976, was enacted, and section 711 of the Family Court Act now provides: "In any juvenile delinquency proceeding under this article, the court shall consider the needs and best interests of the respondent as well as the need for protection of the community(Emphasis added.)
*364 This additional factor requiring consideration can only be weighed after there has been a finding of fact (Family Ct Act, § 752) and after a second hearing on disposition. (Family Ct Act, §§ 743, 753.) At a dispositional hearing the court should have before it a current investigation and report from the Probation Department as to respondent’s present needs for treatment, supervision or confinement, with due consideration for protection of the community. This petition may not be dismissed at this juncture on these papers. This decision is not meant to imply that a disposition agreeable to both parties may not be effected without a trial in an all purpose part.
The matter is set for trial at Part 5 on February 21, 1979.